

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| 7931 PATRIOT DRIVE.<br>(VA) OWNER, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>COURTNEY WILLIS,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:26 CV 1547<br>)<br>)   Removed from the General District<br>)   Court of Fairfax County, Virginia<br>)   Case No. GV2601313600<br>)<br>) |

## NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331, 1441, 1443

Defendant Courtney Willis ("Defendant"), appearing pro se, hereby removes to this Court the above-captioned civil action from the General District Court of Fairfax County, Virginia, in which it is pending as Case No. GV2601313600, and states as follows:

1

# I. PARTIES AND ACTION

1. Plaintiff 7931 Patriot Drive (VA) Owner, LLC filed an unlawful-detainer action against Defendant in the General District Court of Fairfax County, Virginia, styled 7931 Patriot Drive (VA) Owner, LLC v. Courtney Willis, Case No. GV2601313600.

2. The action concerns residential premises located in Fairfax County, Virginia, within the Alexandria Division of the United States District Court for the Eastern District of Virginia.

3. Defendant is an American Indian woman and a member of a protected class for purposes of federal civil-rights and fair-housing protections, including 42 U.S.C. §§ 1981, 1982, 3604, and 3617.

4. On or about May 14, 2026, Defendant received or became aware of the Summons for Unlawful Detainer in Case No. GV2601313600. The state-court hearing was set for June 5, 2026 at 9:30 a.m.

2

## II. JURISDICTION AND TIMELINESS

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1441, and 1443 because Defendant asserts rights under federal laws providing for equal civil rights and fair housing, including 42 U.S.C. §§ 1981, 1982, 3604, and 3617, and contends that those rights cannot be enforced in the courts of the Commonwealth of Virginia within the meaning of 28 U.S.C. § 1443(1).

6. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after Defendant's receipt or notice of the Summons for Unlawful Detainer on or about May 14, 2026.

7. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the state-court action is pending in the General District Court of Fairfax County, Virginia, which lies within the Eastern District of Virginia, Alexandria Division.

8. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches, or will promptly file, copies of all process, pleadings, and orders served upon Defendant in the state-court action, together with this Notice of Removal and the accompanying Declaration of Courtney Willis.

## III. FEDERAL EQUALITY AND HOUSING RIGHTS

9. Defendant asserts rights arising under federal laws providing for equal civil rights within the meaning of 28 U.S.C. § 1443(1), including 42 U.S.C. §§ 1981 and 1982, together with federal fair-housing protections embodied in 42 U.S.C. §§ 3604 and 3617. These statutes secure equal rights to make and enforce leases, to hold, use, occupy, and enjoy residential property, and to be free from discrimination, retaliation, intimidation, and interference in housing transactions on protected bases.

10. Defendant is an American Indian woman and contends that Plaintiff took and maintained adverse housing actions against Defendant because of Defendant's race and/or other protected characteristics and in retaliation for Defendant's assertion of housing-related rights, including complaints concerning discriminatory treatment,

4

unsafe and uninhabitable housing conditions, maintenance failures, unequal treatment, harassment, and disputed charges and accounting practices.

11. Defendant contends that Plaintiff's pursuit of rapid possession through Virginia's summary unlawful-detainer procedures operates in practical conjunction with the challenged state framework to impede meaningful enforcement of Defendant's rights under 42 U.S.C. §§ 1981, 1982, 3604, and 3617 before eviction, displacement, and loss of possession occur.

## IV. UNLAWFUL-DETainer FRAMEWORK AND § 1443(1)

12. Defendant's contention is not limited to disagreement with anticipated legal error, isolated judicial rulings, or a facial challenge to Virginia law. Rather, Defendant contends that, as applied in this matter, Virginia's accelerated unlawful-detainer, enforcement, and appellate framework materially impairs Defendant's practical ability to obtain meaningful pre-deprivation enforcement of asserted federal equality-based housing rights before threatened loss of possession becomes irreversible.

13. Defendant recognizes that Virginia's unlawful-detainer statutes and appellate procedures are facially neutral and do not expressly prohibit assertion of rights under 42 U.S.C. §§ 1981, 1982, 3604, or 3617 in state court. Defendant's contention, however, is that the practical operation of the accelerated framework, as applied here, materially burdens and renders practically unavailable meaningful enforcement of those asserted federal rights before eviction consequences attach.

14. The barrier alleged by Defendant is concrete and case-specific. Defendant contends that the accelerated timeline of the unlawful-detainer proceedings materially limited Defendant's ability to investigate facts, secure documents, prepare witnesses, subpoena maintenance and accounting records, develop discrimination and retaliation evidence, and present federal housing-rights claims before threatened deprivation of possession.

15. Defendant further contends that meaningful factual development did not occur before possession-related consequences were threatened or imposed. Defendant alleges that discovery opportunities were denied, constrained, unavailable, or rendered practically ineffective by the summary nature and compressed schedule

of the proceedings, including limitations affecting subpoenas, maintenance records, accounting materials, witness preparation, evidentiary development, continuance requests, and the ability to fully develop asserted federal claims and defenses.

16. Defendant additionally contends that disputed payment demands, accounting irregularities, monetary conditions affecting continued possession or appellate access, abbreviated hearing procedures, and constrained factual development collectively impaired Defendant's practical ability to maintain possession while seeking adjudication of asserted federal rights under §§ 1981, 1982, 3604, and 3617.

17. Defendant alleges that the inability to meaningfully enforce the foregoing federal rights arises not merely from dissatisfaction with prospective state-court rulings, but from the practical operation of the challenged framework itself as applied to Defendant's asserted federal equality-based housing claims. Defendant contends that the combined operation of accelerated proceedings, possession-before-merits consequences, compressed litigation timelines, payment-related pressures, limited factual development, and abbreviated adjudication creates a

circumstance in which meaningful vindication of those federal rights cannot realistically occur before the threatened injury—eviction, displacement, and loss of housing stability—becomes irreversible.

18. Defendant further contends that once possession is lost, subsequent review may be inadequate to provide meaningful enforcement of the asserted federal rights. Eviction and displacement may result in housing instability, disruption of family and economic circumstances, reputational harm, barriers to future housing access, and other collateral consequences that later proceedings cannot fully undo. Defendant therefore contends that meaningful enforcement of the asserted federal equality-based housing rights requires an opportunity for effective pre-deprivation adjudication.

19. For purposes of 28 U.S.C. § 1443(1), Defendant contends that the combined operation of Virginia's accelerated unlawful-detainer, enforcement, and review framework, together with the facts alleged herein, renders practical enforcement of Defendant's asserted federal rights under 42 U.S.C. §§ 1981, 1982, 3604, and 3617 unavailable in the courts of Virginia as applied in this matter.

## V. CONCLUSION

20. For the foregoing reasons, Defendant respectfully submits that this action falls within the jurisdictional provisions invoked herein, including 28 U.S.C. §§ 1331 and 1443(1), and is removable pursuant to 28 U.S.C. §§ 1441 and 1443. Defendant asserts rights arising under laws providing for equal civil rights and federal fair-housing protections and contends that, as applied in this matter, Virginia's unlawful-detainer, enforcement, and appellate framework materially impairs meaningful pre-deprivation enforcement of those rights before irreparable loss of possession occurs.

21. Accordingly, Defendant respectfully requests that this Court accept removal of this action, assume jurisdiction over all further proceedings, stay or otherwise prevent enforcement of any writ of eviction or disturbance of Defendant's possession pending further order of this Court, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: *courtney m*
auth rep. no-recourse.

This 3rd day of ____June____, 2026

9

/s/ Courtney Willis

Courtney Willis, Pro se

1520 Belle View Blvd #241 Alexandria, VA [22307]

(310) 876-9020

loveslogisticsllc23@gmail.com

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

District of

Division

2025 JUN -4 P 1: 22

|  | ) | Case No. | 1:26 CV 1547 |
| --- | --- | --- | --- |
| 7931 Patriot Drive (VA) Owner LLC et. al. | ) | | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) | Jury Trial: *(check one)*  ☐ Yes  ☑ No | |
| -v- | ) ) ) ) ) ) | | |
| COURTNEY WILLIS | ) ) | | |
| *Defendant(s)* | ) | | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | | |

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
| --- | --- |
| Name | 7931 Patriot Drive (VA) Owner LLC |
| Street Address | 7288 Hanover Green Dr. |
| City and County | Mechanicsville |
| State and Zip Code | Virginia 23111 |
| Telephone Number | |
| E-mail Address | |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

Name — Courtney Willis

Job or Title *(if known)* — auth. rep.) Beneficiary

Street Address — c/o 1520 Belle View Blvd. #241

City and County — Alexandria

State and Zip Code — Virginia [22307]

Telephone Number — 310 876 9020

E-mail Address *(if known)* — LovesLogisticsllc23@gmail.com

Defendant No. 2

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☑ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. 42 U.S.C sections 1981, 1982, 3604, 3617 Defendant also asserts violations of federal Civil rights and Fair housing Protections arising from discrimination, retaliation, unequal treatment, interference with housing rights, and adverse housing actions.

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

b.    If the plaintiff is a corporation

The plaintiff, *(name)* 1931 Patriot Drive (VA)owner LLC is incorporated under the laws of the State of *(name)* Virginia,

and has its principal place of business in the State of *(name)* Virginia/N/A.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* COURTNEY WILLIS, is a citizen of the State of *(name)* Domicile in VIRGINIA. Or is a citizen of *(foreign nation)* ~~Italy~~

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.    If the defendant is a corporation

The defendant,  *(name)* _____, is incorporated under

the laws of the State of *(name)* _____, and has its

principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

Claim 1) - Housing Discrimination and unequal Treatment Defendant is an American Indian Woman and member of a Protected class. During tenancy Defendant experienced Discriminatory treatment after reporting conduct to Property Management Claim 2) Retaliation for Protected activity - Defendant complained about unsafe housing conditions, Maintenance failures, sexual Harrassment by Maintenance Personnel and violation of housing rights. After those complaints, Plaintiff failed to adequately address and Pursued Adverse actions against Defendant including eviction, harrassment and disputed financial Claims.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Defendant/Removing Party respectfully request 1) A declaration that the actions complained of violated rights Protected by 42. U.S.C section 1981, 1982. 3604, and 3417. 2) Preliminary & Permanent injunctive relief preventing evictions, Displacement, retaliation, Discrimination, intimidation, harrassment, or interference with housing rights pending full adjudication of the federal Claims.

Page 4 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    June 4, 2026

Signature of Plaintiff    By: courtney W.    beneficiary norecourse

Printed Name of Plaintiff    COURTNEY WILLIS

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____
Printed Name of Attorney    _____
Bar Number    _____
Name of Law Firm    _____
Street Address    _____
State and Zip Code    _____
Telephone Number    _____
E-mail Address    _____